IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PLUMBERS' PENSION FUND, LOCAL 130, U.A., et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| REPUBLIC PIPING SYSTEMS, INC., | ) ) |
| Defendant. | ) |

Case No. 20-cv-774
Judge Joan B. Gottschall

## MEMORANDUM OPINION AND ORDER

This case follows on the heels of the Chapter 7 bankruptcy and liquidation of U.S. Plumbing & Sewer, Inc. ("U.S. Plumbing"). In January 2020, the bankruptcy trustee determined that U.S. Plumbing had no nonexempt assets to distribute to creditors. ECF No. 8, Ex. B. The plaintiffs here allege that defendant Republic Piping Systems, Inc. ("Republic"), is U.S. Plumbing's successor. They have sued Republic under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), to collect fringe benefit contributions, fees, and liquidated damages allegedly owed by U.S. Plumbing to a multi-employer pension plan. *See* Compl. ¶ 5, ECF No. 1. According to the complaint, U.S. Plumbing's principal, John DiFoggio ("DiFoggio"), formed Republic two months before U.S. Plumbing declared bankruptcy with the "specific intent" to continue U.S. Plumbing's operations while "avoiding trust fund liability." Compl. ¶ 7.

Republic moves under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). Well-pleaded factual allegations in the

1

complaint must be accepted as true, and all reasonable inferences must be drawn in plaintiffs' favor on a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To satisfy the federal pleading standard, see Fed. R. Civ. P. 8(a)(2), the complaint does not need to contain "detailed factual allegations," but the plaintiff must plead a "plausible" claim, that is, "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 556) (adding that "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully" (quotation omitted)).

The complaint here ties Republic to U.S. Plumbing with the following well-pleaded facts:

- U.S. Plumbing's former officers, including John and Gina DiFoggio, knew about U.S. Plumbing's trust fund obligations when they created and financed Republic. (¶¶ 8, 13.)

- Republic and U.S. Plumbing operated from the same address. (¶ 10.)

- Both companies have, or had, the same registered agent. (¶ 11.)

- Republic "took ownership" of tools used by U.S. Plumbing. (¶ 17.) (Disputed fact; see below.)

- Republic took over projects started by U.S. Plumbing. Republic used "substantially the same workforce." (¶ 16.) The complaint lists several general contractors who allegedly transferred an existing business relationship with U.S. Plumbing to Republic. (*See* ¶ 15.)

Except as discussed below, Republic does not challenge the sufficiency of these allegations to state an ERISA claim for successor liability. Nor would such a challenge succeed. With inferences favorable to plaintiffs, the complaint's well-pleaded facts make out a plausible claim under ERISA for holding Republic liable as U.S. Plumbing's successor. *See Moriarty v. Larry G. Lewis Funeral Directors Ltd.*, 150 F.3d 773, 777 (7th Cir. 1998); *Chi. Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Tasemkin, Inc.*, 59 F.3d 48, 49 (7th Cir. 1995).

Republic devotes much of its briefing to arguing that imposing successor liability would be inequitable. Nearly all of Republic's arguments are based on additional facts not mentioned in the complaint; Republic also contradicts some of the complaint's factual allegations. For example, the complaint says nothing about what, if any, assets Republic purchased from U.S. Plumbing. Republic nevertheless wants this court to find that it did not purchase any of U.S. Plumbing's assets based on the report of the trustee in U.S. Plumbing's bankruptcy. Mot. to Dismiss 7. Again, the report states that U.S. Plumbing had no nonexempt assets to distribute to creditors, but it had approximately $139,000 in total assets. *Id.*, Ex. B at 1. Republic overlooks the possibility that U.S. Plumbing had exempt assets, a matter on which the complaint and this record is silent.

For an example of Republic contradicting the complaint, consider the allegation that Republic "took ownership" of U.S. Plumbing's tools. Compl. ¶ 17. Republic says in its reply that the tools belong to DeFoggio personally. Reply 3, ECF No. 22 (citing no evidence).

On a Rule 12(b)(6) motion, factual disputes like those Republic tries to create here must be resolved in favor of the facts alleged in the complaint. *Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012) (citing *Sobitan v. Glud*, 589 F.3d 379, 380 n.2 (7th Cir. 2009)). The additional

facts alleged in Republic's briefing also may not be considered because "[a] Rule 12(b)(6) motion must be decided solely on the face of the complaint and any attachments that accompanied its filing." *Miller v. Herman*, 600 F.3d 726, 732–33 (7th Cir. 2010) (citing Fed. R. Civ. P. 12(d) and *Segal v. Geisha NYC LLC*, 517 F.3d 501, 504–05 (7th Cir. 2008)); *see also Heng v. Heavner, Beyers & Mihlar*, *LLC*, 849 F.3d 348, 353–54 (7th Cir. 2017). A Rule 12(b)(6) motion may be converted to a motion for summary judgment if the court considers matters outside the complaint and the defendant receives an opportunity to respond. Fed. R. Civ. P. 12(d). Neither party asks the court to convert Republic's motion, however. Conversion is inappropriate here both because no discovery has occurred and because the successor liability analysis, as explained more fully below, is fact intensive. *See Moriarty*, 150 F.3d at 777–78 (holding that complaint adequately pleaded successor liability and stressing the need to develop the factual record through discovery or an ERISA audit). Except as discussed in the next paragraph, the court disregards the factual assertions in Republic's briefing that either conflict with or go beyond the complaint.

The court takes judicial notice of certain filings in U.S. Plumbing's bankruptcy case and a judgment against DiFoggio in related litigation. *See* ECF No. 8 Ex. A–C. Without converting a Rule 12(b)(6) motion, judicial notice may be taken of "facts [that are] readily ascertainable from the public court record [in other proceedings] and not subject to reasonable dispute." *Ennenga*, 677 F.3d at 773 (citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994)). Plaintiffs do not dispute the authenticity of the documents attached to Republic's motion to dismiss or object to Republic's reliance on them.

Once the arguments based on facts outside the complaint are swept aside, two of Republic's contentions remain. The first has already been mentioned: Republic contends that the

4

complaint fails to state a successor liability claim under Illinois law because the complaint fails to allege that Republic purchased U.S. Plumbing's assets.

This argument proceeds from a faulty premise. Common law successor liability rules do not apply to the ERISA claims here. The Seventh Circuit so held in *Upholsterers' Int'l Union Pension Fund v. Artistic Furniture of Pontiac* ["*Artistic Furniture*"], 920 F.2d 1323 (7th Cir. 1990). The Court of Appeals explained "that the state law of successor liability, which cuts off the obligation to pay a predecessor's promised contributions, significantly conflicts with [the] federal interest [in § 515 of ERISA] and justifies a departure" from the common law rule. *Moriarty v. Svec*, 164 F.3d 323, 329 (7th Cir. 1998) (reaffirming *Artistic Furniture* in light of subsequent Supreme Court cases); *see also Ind. Elec. Workers Pension Benefit Fund v. ManWeb Servs., Inc.* ["*ManWeb II*"], 884 F.3d 770, 776 (7th Cir. 2018). The Seventh Circuit therefore adopted the following rule: "[S]uccessor entities can be liable for multiemployer pension contributions if (1) there is sufficient continuity between the two companies and (2) the successor company had notice of the predecessor's liability." *Moriarty*, 164 F.3d at 327 (citing *Artistic Furniture*, 920 F.2d at 1329). *Artistic Furniture* has been consistently applied to ERISA claims involving the liability of a corporate successor. *See id.*; *see also, e.g., ManWeb II,* 884 F.3d at 777; *Sullivan v. Running Waters Irrigation, Inc.*, 739 F.3d 354, 357 (7th Cir. 2014); *Tasemkin*, 59 F.3d at 49 (quoting *E.E.O.C. v. G–K–G, Inc.*, 39 F.3d 740, 748 (7th Cir. 1994)). Given the "ingenuity often shown in reorganizing businesses and their assets, courts consider the totality of the circumstances to determine continuity, focusing on the particulars of the case and the nature of the liability at issue." *ManWeb II*, 884 F.3d at 777 (collecting cases).

Like Republic, one of the two defendants in *Sullivan* argued, among other things, that it could not be held liable as the corporate successor of a company referred to as Alpine because it

"never purchased any of Alpine's assets." *Sullivan*, 739 F.3d at 358. After developing a complete factual record, the district court held both defendants liable for Alpine's unpaid pension fund contributions, and the Seventh Circuit affirmed. *Id.* *Sullivan* teaches that, depending on the facts, a defendant may be held liable under ERISA for a predecessor's multi-employer fund contributions even if the defendant did not buy the predecessor's assets. This is consistent with ERISA's totality of the circumstances approach to successor liability. *See Howard Johnson Co. Inc. v. Detroit Local Joint Exec. Bd.*, 417 U.S. 249, 256 (1974).

The factual record has not been developed here; only the complaint's sufficiency is at issue. Under the totality of the circumstances approach exemplified in *Sullivan*, the well-pleaded facts listed above state a plausible ERISA claim for imposing successor liability upon Republic even though plaintiffs do not allege that Republic purchased any of U.S. Plumbing's assets.

Finally, Republic contends that plaintiffs have an adequate remedy at law because DiFoggio personally guaranteed U.S. Plumbing's trust fund obligations. Mot. to Dismiss 7–8. Indeed, DiFoggio agreed in February 2020 to the entry of a judgment against him in the amount of U.S. Plumbing's outstanding trust fund obligations. *See* ECF No. 8 Ex. C (judgment in No. 18-CV-5257 (N.D. Ill.)).

As Republic observes, "Successor liability is an equitable doctrine." *ManWeb I*, 794 F.3d at 845 (citing *Tasemkin*, 59 F.3d at 49). And "[t]he absence of an adequate remedy at law is a precondition to any form of equitable relief." *Roland Mach. Co. v. Dresser Indus., Inc.,* 749 F.2d 380, 386 (7th Cir. 1984). But Republic offers no citation to support its argument that its judgment against DiFoggio is an adequate remedy against Republic. Mot. to Dismiss 7. Equity jurisprudence squarely rejects Republic's position: "To be adequate, the remedy at law must exist against the same person against whom the relief in equity is sought." *Interstate Cigar*

6

*Co. v. United States*, 928 F.2d 221, 224 (7th Cir. 1991) (quoting C.J.S. *Equity* § 25 (1965)) (brackets in original) (describing as "absurd" the government's argument that a suit for damages against another party was an adequate remedy against the government); *see also Tasemkin,*, 59 F.3d at 50. Republic identifies no alternative remedy plaintiffs have against it (as contrasted with DiFoggio)–much less an adequate one.

Before closing, Republic's contentions that plaintiffs are trying to drive DiFoggio out of the plumbing business deserve a response. Court records show that the plaintiffs here or another group of pension funds have sued DiFoggio and U.S. Plumbing at least three times in as many years.[1] This court makes no findings about the intentions of the plaintiffs here–again, intent is a factual question that falls far outside the complaint's allegations and so must await further development. That said, Republic is not the first defendant to express feelings of persecution after bankruptcy. The Seventh Circuit replied to similar arguments this way: giving a creditor a second chance to recover for unpaid pension fund contributions "after coming away from a bankruptcy proceeding empty-handed . . . is precisely the point of successor liability, and it is not clear why an intervening bankruptcy proceeding, in particular, should have a *per se* preclusive effect on the creditor's chances." *Tasemkin,* 59 F.3d at 50.

Because the complaint states a plausible claim for imposing successor liability under ERISA, Republic's motion to dismiss [8] is denied.

---

[1] At least three ERISA suits have been filed against U.S. Plumbing and DiFoggio in this district since 2017. All culminated in the entry of judgment against one or both defendants. *See* Nos. 17-CV-3984, *Intl. Assoc. of Heat and Frost Insulators Local 17 Pension Fund, et al v. US Plumbing & Sewer, Inc., et al* (Bucklo, J.); 18-CV-5277, *Plumbers' Pension Fund, Local 130, U.A., et al. v. U.S. Plumbing & Sewer, Inc.* (Kocoras, J.); and 19-CV-1764, *Int'l Ass'n of Heat and Frost Insulators Local 17 Pension Fund, et al v. U S Plumbing & Sewer, Inc., et al* (Kendall, J.).

/s/
Joan B. Gottschall
United States District Judge

Dated: August 3, 2020